CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 AUG -4   PM 2: 27

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MASTR SPECIALIZED LOAN TRUST 2007-02 MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>        Plaintiff,<br><br>v.<br><br><br>KENNETH E. MCCOY III and FARRAH L. MCCOY,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.   1:16-CV-00092-BL |

## REPORT AND RECOMMENDATION

Before the court is an action seeking enforcement of a lien and foreclosure by Deutsche

Bank National Trust Company ("Deutsche" or "the bank") of property at 3901 Notre Dame Circle,

Abilene, TX 79602 ("the property"), which was mortgaged by promissory note by Kenneth and

Farrah McCoy during their marriage. Mrs. McCoy took no interest in the house in a subsequent

divorce, and the bank and Mrs. McCoy have stipulated to her dismissal from this action. Mr.

McCoy has been served but has made no appearance, and default has been entered against him.

The bank has moved for default judgment against Mr. McCoy. The recommendation of this court

is that Farrah McCoy be dismissed as a defendant and that default judgment be entered in favor of

Deutsche against Kenneth E. McCoy III.

1

## I. BACKGROUND[1]

On March 23, 2006, Mr. McCoy executed a mortgage note with a principal amount of

$80,000.00, payable to Home123 Corporation on the property. The property is more exactly

described as

> Lot 21, Block N, Section 7, Lytle Shores South Addition to
> the City of Abilene, Taylor County, Texas, As shown by plat
> cabinet 1, slide 471, plat records, Taylor County, Texas.

At the same time as the execution of the mortgage note, the McCoys executed a deed of trust,

granting Home123 – and its successors and assigns – a security interest in the property. On March

28, 2006, this deed of trust was recorded as a security interest in the official public records of

Taylor County, with the instrument number 06005470.

At some point, Deutsche became the holder of the note and beneficiary of the security

instrument. Deutsche claims that the February 1, 2012 payment and all subsequent payments have

not been paid, and that "notices of default and requests to cure were mailed to the McCoys in

accordance with the loan agreement and Texas Property Code. The default was not cured, and the

maturity of the debt was accelerated." (Doc. 1, 5). Deutsche now seeks foreclosure.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth conditions that require entry of

default against a party, as well as the procedure to seek the entry of a default judgment. Applying

that rule, the Fifth Circuit has defined a three-step process for securing a default judgment. *N.Y.

Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, there must be a default, which

"occurs when a defendant has failed to plead or otherwise respond to the complaint within the time

---

[1] As Mr. McCoy has not appeared or made any pleadings, all facts are from the pleadings of Deutsche and Mrs. McCoy.

2

required by the Federal Rules. *Id., accord* Fed. R. Civ. P. 55(a). Defendants generally must serve

an answer "within 21 days after being served with the summons or complaint." Fed. R. Civ. P.

12(a)(1)(A)(i). But defendants within any judicial district of the United States have sixty days to

answer, if the defendant has timely waived service under Rule 4(d). *See* Fed. R. Civ. P.

12(a)(1)(A)(ii). Second, there must be an entry of default by the clerk, which occurs "when the

default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141; *accord* Fed. R.

Civ. P. 55(a). Third, after entry of default, a "plaintiff may apply for a judgment based on such

default." *N.Y. Life Ins. Co.*, 84 F.3d at 141, *accord* Fed. R. Civ. P. 55(b).

When to enter default judgment is within the discretion of the court. *Lewis v. Lynn*, 236

F.3d 766, 767 (5th Cir. 2001). A "party is not entitled to a default judgment as a matter of right,

even where the defendant is technically in default." *Id.* Deutsche has applied for a default

judgment as required by *N.Y. Life Ins. Co.*. To determine "whether a default judgment should be

entered against a defendant," the courts engage in a two-step analysis. *Entizne v. Smith*

*Moorevision LLC*, 2014 WL 1612394, at *1 (N.D. Tex. Apr. 22, 2014). They first consider

whether the circumstances warrant entry of default judgment by examining

> (1) whether material issues of fact exist; (2) whether there has been
> substantial prejudice; (3) whether the grounds for default are clearly
> established; (4) whether the default was caused by a good faith
> mistake or excusable neglect; (5) the harshness of a default
> judgment; and (6) whether the court would think itself obliged to set
> aside the default on the defendant's motion.

*Id.* Additionally, the Court must consider whether the defendant is a minor or incompetent person,

or currently in the military. *See* Fed. R. Civ. P. 55(b) (permitting entry of default judgment against

minors or incompetent persons "only if represented by a general guardian, conservator, or other

like fiduciary who has appeared"); *See also* Servicemembers Civil Relief Act, 50 App. U.S.C. §

521 (formerly 50 App. U.S.C § 520). After concluding that the circumstances warrant default judgment, the courts assess the merits of the claims and whether there is a sufficient basis in the pleadings for the entry of judgment. *Entizne*, 2014 WL 1612394, at *1. A defendant in default is deemed to have admitted all well-pled facts, but not other facts or conclusions of law. *See Id.*

### III. ANALYSIS

In this case, defendants were served, and the clerk has entered default against Mr. McCoy for his failure to answer or otherwise defend this action. (Doc. 7; Doc. 14). Established grounds for default exist. Mr. McCoy is not a minor, incompetent, or currently in military service. (Doc. 13-1, 5). Because no one has defended this action, furthermore, "there are no material facts in dispute." *Entizne*, 2014 WL 1612394, at *2. Mr. McCoy's failure to defend this action has effectively prejudiced Plaintiff's actions by slowing the adjudication of this action. *See id.* It appears that Deutsche "seeks only the relief to which it is entitled under the law, and the Court is aware of no applicable defense." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). This case does not involve issues of substantial public importance. Nothing before the court indicates a good faith mistake or excusable neglect caused the default or that good cause may oblige the Court to set aside the default if later challenged. Although this case involves Mr. McCoy's residence, that factor alone does not dictate denying the motion. Considering all of these factors, the circumstances of this case warrant entry of default judgment.

Given his default, Mr. McCoy has admitted the well-pled facts set forth in the complaint. Deutsche complains that he breached the mortgage contract. The Court finds a sufficient basis in

the complaint to support a default judgment against Mr. McCoy and can award the requested

nonmonetary relief with reasonable certainty without a hearing.

Before entering that judgment, the Court **RECOMMENDS** that as Mrs. McCoy no longer

has any interest in the mortgaged property and both she and Deutsche have stipulated to her

dismissal from the action, that all claims that have or could have been brought in this suit against

Farrah L. McCoy be **DISMISSED** without prejudice. (Doc. 10, 2; Doc. 11).

Based on the complaint and declaration in support of the motion for default judgment (Doc.

13-1, 2), Deutsche is entitled to the requested judgment declaring that Mr. McCoy is a titleholder

to the property, that he is in default on his obligations under the mortgage, and that Deutsche's lien

against the property should be enforced by foreclosure under the security instrument's power of

sale provision. This Court **RECOMMENDS** an entry of judgment for that requested relief.

Deutsche also requests judgment entitling it to recovery of attorney's fees, but provides no

contractual or other legal provision on which such claim is based, nor an estimate of an amount

sought. This Court **RECOMMENDS** that no judgment be entered as to attorney fees, and that

Deutsche make a later motion in compliance with Federal Rule of Civil Procedure 54(d)(2).

## IV. RECOMMENDATION

For the reasons set forth above, this Court **RECOMMENDS** the Motion for Default

Judgment Against Defendant Kenneth E. McCoy III (Doc. 13) be **GRANTED.**

A copy of this Report and Recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is **ORDERED** that this case be transferred to the district court.

Dated August 4, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE